IN THE SUPREME COURT OF THE STATE OF DELAWARE

MATTHEW B. MOONEY, §
§
   Plaintiff Below, § No. 145, 2021
   Appellant, §
§
   v. § Court Below–Superior Court
§ of the State of Delaware
THE BOEING COMPANY, §
§ C.A. No. K20C-04-025
   Defendant Below, §
   Appellee. §

Submitted: September 10, 2021
Decided: December 6, 2021

Before **VAUGHN**, **TRAYNOR**, and **MONTGOMERY-REEVES**, Justices.

# O R D E R

After careful consideration of the parties' briefs and the record on appeal, it appears to the Court that the Superior Court's decision granting the appellee's motion to dismiss should be affirmed.[1] In his complaint in the Superior Court, the appellant, Matthew Mooney, alleged that he was induced to invest in the appellee, The Boeing Company, by fraudulent misrepresentations, omissions, and acts of concealment made by Boeing's officers and employees. But Mooney's complaint contained only conclusory allegations that he relied on Boeing's alleged misrepresentations, omissions, or acts of concealment when he bought and sold

---

[1] *Mooney v. Boeing Co.*, 2021 WL 1852310 (Del. Super. Ct. May 4, 2021).

Boeing's stock in a series of complex and sophisticated transactions. To be sure, Mooney alleged that he "predicated" his intricate trading strategy—which, for the most part, involved the buying and selling of "put" options on Boeing stock—on Boeing's misrepresentations, omissions, or acts of concealment. But his complaint did not explain how Boeing's purported misrepresentations, omissions, or acts of concealments influenced any of the more than eighty-seven trades identified in the complaint. In sum, Mooney's conclusory allegations did not satisfy Superior Court Civil Rule 9(b)'s requirement that Mooney plead individual reliance with particularity.[2] Because Mooney's complaint failed to link any of Boeing's acts or omissions to any of his specific transactions, dismissal of the complaint was warranted.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[2] *See Anglo American Sec. Fund, L.P. v. S.R. Glob. Int'l Fund, L.P.*, 829 A.2d 143, 159 (Del. Ch. 2003) (finding that plaintiffs' conclusory allegations that they were in fact deceived by the defendant's alleged acts, omissions, and conduct and relied upon them to their detriment were "glaringly insufficient to meet the particularity requirement of Rule 9(b)"); *Mooney v. Pioneer Nat. Res. Co.*, 2017 WL 4857133, at *8 (Del. Super. Ct. Oct. 24, 2017) ("Plaintiff has not pled with particularity that he justifiably relied on Defendant's alleged misrepresentations because he fails to plead with particularity *just how he so relied*." (emphasis added)).